Bertha E. Rao v. Commissioner. John D. Rao v. Commissioner.
Rao v. Commissioner
Docket Nos. 84080, 86923.
United States Tax Court
T.C. Memo 1961-204; 1961 Tax Ct. Memo LEXIS 144; 20 T.C.M. (CCH) 1031; T.C.M. (RIA) 61204; July 12, 1961
Thomas Cantillo, Esq., 617A Central Ave., East Orange, N.J., for petitioner Bertha E. Rao. John D. Rao, Esq., pro se, 40 McLean St., Freehold, N.J. Chapman H. Belew, Jr., Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Petitioners in these two cases are former husband and wife. Each of them claims a dependency exemption for their minor child Richard, who was born in 1944 and who lived with the mother during the tax years 1955, 1956 and 1957. The issue turns upon which of them contributed more than one-half towards the support of Richard. Pursuant *145 to an order of a domestic relations court the father paid the following amounts for the support of Richard: Year
Amount
1955 $812
1956
768
1957
679
He claims that, in addition, a portion of a hospitalization or medical policy for which he paid $1.40 a week was allocable to Richard. No evidence of any significance was presented showing that the father paid any other amounts of consequence that could be regarded as support for his son. During the tax years Richard lived with his mother, who in turn shared an apartment with her two brothers. She testified as to expenditures made by her on the boy's behalf during the tax years, including such items as food, insurance, clothing, medical fees, allowances, vacations, hair cuts, laundry, etc., and allocations of rent and utility bills. Her testimony with respect to a number of these items was based upon estimates, and, in our judgment, such estimates in some instances were shaded in her favor. Nevertheless, even after making proper allowance for her optimistic estimates, the question of fact is a close one. Using our best judgment upon the entire record it is our conclusion, and we find as a fact that the father *146 furnished more than one-half of Richard's support in 1955, but that the mother furnished more than one-half of his support in 1956 and 1957. The remaining issue relates to deductions for medical and dental expenses claimed in the returns of Bertha E. Rao for the years 1955, 1956 and 1957 in the amounts of $207.41, $205.29 and $254.22 respectively. These deductions were disallowed by respondent. The reason given for such disallowances was that she had failed to establish that the expenditures had been made and that they represented medical expenditures paid for her care and not for the care of her son, Richard, whom respondent had determined was not her dependent. Section 213(a) of the Internal Revenue Code of 1954 allows a deduction, subject to certain limitations, of expenses paid during the taxable year "for medical care of the taxpayer * * * or a dependent (as defined in section 152)". We have found that Bertha's son, Richard, was not her dependent in 1955, and for that year she is entitled only to deductions for expenditures shown to have been expended for her medical care which are in excess of the limitations provided for in Section 213. She has proved *147 only an expenditure of $9.00 for medical care for herself during the year 1955, and inasmuch as this expenditure did not exceed three percent of her adjusted gross income respondent did not err in disallowing the deduction claimed for 1955 medical expenses. We have found that Richard was a dependent of Bertha during the years 1956 and 1957, and she is therefore entitled to deductions for expenditures made during those years for medical care of both herself and her son to the extent that they exceed the limitations provided in Section 213. The evidence convinces us, and we find as a fact, that her expenditures for medical care amounted to $210.84 during 1956 and $326.28 during 1957, and that she paid $50.00 for medicine in 1956. Subject to the limitations provided in Section 213, these expenditures are deductible in computing Bertha's taxable income for the years 1956 and 1957. Decisions will be entered under Rule 50.